1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   KURT SANDHOFF, as Administrator of
     the Estate of Robert E. Sandhoff,

11
            Plaintiff,                    No. CIV S-11-1560 KJM-EFB

12
        vs.

13
     RANDI FJAERAN,

14
            Defendant.                    ORDER

15   _____/

16          This matter comes before the court on defendant's motion to dismiss plaintiff's

17   complaint. (ECF 7.)  This matter was decided without a hearing.  For the following reasons,

18   defendant's motion is GRANTED.

19   I.   FACTS AND PROCEDURAL HISTORY

20          Plaintiff filed his complaint on June 9, 2011 alleging six causes of action:

21   (1) violation of the Fourteenth Amendment; (2) quiet title as to 170,000 shares of stock of

22   Kilamac Farms, Inc. owned by plaintiff; (3) fraud and deceit by negligent misrepresentation;

23   (4) fraud and deceit based on conspiracy; (5) conversion; and (6) unfair business practices in

24   violation of California's Unfair Competition Law, CAL. BUS. & PROF. CODE § 17200, *et seq*.

25   (ECF 1.)

26   /////

1

1    Defendant filed the present motion to dismiss in lieu of an answer on July 11,

2    2011.  (ECF 7.)  Plaintiff filed his opposition on August 16, 2011.  (ECF 11.)

3    Among other contentions, defendant maintains that plaintiff's complaint is barred

4    by res judicata due to prior state court proceedings.  (Def.'s Mem. of P. & A. in Support of Mot.

5    to Dismiss ("Def.'s Mem.") at 5, ECF 8.)  On October 21, 2003, plaintiff, as administrator of the

6    estate of Robert E. Sandhoff, filed a petition to establish the estate's claim of ownership to

7    property in Riverside County Superior Court.  (Def.'s Req. for Jud. Not., Ex. B, ECF 9.)[1]  In that

8    petition, plaintiff sought an order determining that Robert Sandhoff was the true owner of the

9    170,000 shares of stock in Kilamac Farms, Inc. and that the present defendant has no right, title

10   or interest in these shares.  (*Id.*)  The court issued both its decision and judgment on September

11   16, 2008, finding that neither Robert Sandhoff nor his estate ever owned any right, title, or

12   interest in the 170,000 shares of stock, that plaintiff no longer owns any right, title, or interest in

13   the stock, and that defendant is the sole owner of all right, title, and interest in the stock.  (*Id.*,

14   Exs. B & C.)  Plaintiff appealed that decision.  On June 21, 2011, the Fourth Appellate District

15   of the State Court of Appeal affirmed. (*Id.*, Ex. D.)

16   II.   ANALYSIS

17        A.    Res Judicata

18        "Under 28 U.S.C. § 1738, a state court judgment is entitled to the same preclusive

19   effect in federal court as it would be accorded by a state court in the state of rendition."  *Water*

20   *West, Inc. v. Entek Corp.*, 788 F.2d 627, 629 (9th Cir. 1986).  "'The doctrine of res judicata rests

21   upon the ground that the party to be affected, or some other with whom he is in privity, has

22   litigated, or had an opportunity to litigate the same matter in a former action in a court of

23

24        [1] Plaintiff objects to the court's taking judicial notice of documents from state court
     proceedings, contesting the accuracy of the records of the proceedings. (Pl.'s Opp'n at 5.)
     Plaintiff's objection is without merit; though plaintiff may disagree with the conclusions reached
25   by the state court, this does not make the substance of these documents any less accurate. The
     court "may take judicial notice of court filings and other matters of public record." *Reyn's Pasta*
26   *Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2005).

1  competent jurisdiction, and should not be permitted to litigate it again to the harassment and

2  vexation of his opponent. Public policy and the interest of litigants alike require that there be an

3  end to litigation.'" *Roos v. Red*, 130 Cal. App. 4th 870, 879 (2005) (quoting *Citizens for Open*

4  *Access Etc. Tide, Inc. v. Seadrift Ass'n*, 60 Cal. App. 4th 1053, 1065 (1998)).

5       "In California, res judicata precludes a plaintiff from litigating a claim if: the

6  claim relates to the same 'primary right' as a claim in a prior action, the prior judgment was final

7  and on the merits, and the plaintiff was a party or in privity with a party in the prior action."

8  *Trujillo v. County of Santa Clara*, 775 F.2d 1359, 1366 (9th Cir. 1985) (also finding "that state

9  principles of preclusion govern"); *see also San Diego Police Officers' Ass'n v. San Diego City*

10  *Employees' Retirement Sys.*, 568 F.3d 725, 734 (9th Cir. 2009).  Regarding the first prong, "[i]f

11  two actions involve the same injury to the plaintiff and the same wrong by the defendant, then

12  the same primary right is at stake even if in the second suit the plaintiff pleads different theories

13  of recovery, seeks different forms of relief and/or adds new facts supporting recovery." *Id.* at

14  1176.  Furthermore, "[a] final judgment is on the merits for the purposes of res judicata 'if the

15  substance of the claim is tried and determined . . . .'" *Johnson v. City of Loma Linda*, 24 Cal. 4th

16  61, 77 (2000) (quoting 7 WITKIN, CAL. PROC., *Judgment* § 313 (4th ed. 1997)).

17       B.    Application

18       The present action is barred by the doctrine of res judicata.

19       Plaintiff asserts the same primary right in this action as the prior state-court

20  action.  Any harm suffered by plaintiff is predicated on his ownership of the stock, which was

21  precisely the issue litigated in the state courts.  Thus his new legal theories do not overcome the

22  bar presented by the earlier state-court judgment. *See Slater v. Blackwood*, 15 Cal. 3d 791, 795

23  ("a judgment for the defendant is a bar to a subsequent action by the plaintiff based on the same

24  injury to the same right, even though he presents a different legal ground for relief") (internal

25  quotation and emphasis omitted).

26  /////

3

1    Moreover, the state court judgments were final and on the merits.  On June 2,

2    2008, following a bench trial to determine the ownership of the 170,000 shares of stock, the state

3    court issued a statement of decision that Fjaeran owned the stock and signed a judgment in her

4    favor.  (Def.'s Req. for Jud. Not., Ex. B & C, ECF 9.)  The superior court filed the judgment on

5    September 23, 2008.  The state Court of Appeal affirmed the trial court's judgment on June 21,

6    2011, twelve days after Sandhoff filed the present complaint with this court. (Def.'s Req. for Jud.

7    Not., Ex. D, ECF 9.)

8    Furthermore, the parties to the current action are the same parties in the prior state

9    court action, thus satisfying the final res judicata element.

10   III.   CONCLUSION

11   Accordingly, defendant's motion to dismiss is GRANTED and plaintiff's

12   complaint is DISMISSED with prejudice.  The Clerk of the Court is directed to CLOSE this

13   case.

14   IT IS SO ORDERED.

15   DATED:  January 19, 2012.

16

17   _____

18   UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26